UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

COMMONWEALTH OF MASSACHUSETTS,

Plaintiff,

v.

ATLANTIC OLIVER II FRANCIS AVENUE,
LLC,

Defendant.

Case No. 1:24-cv-12035

**CONSENT DECREE**

WHEREAS, Defendant Atlantic Oliver II Francis Avenue, LLC ("Atlantic Oliver") owns real property at 241 Francis Avenue, Mansfield, Massachusetts (the "Facility") that it leases out to corporate tenants for land transportation and warehousing activities;

WHEREAS, the Commonwealth of Massachusetts ("Commonwealth"), acting through the Office of the Attorney General ("Attorney General's Office"), alleges in its Complaint that Atlantic Oliver has discharged industrial stormwater from the Facility into an exposed water channel that flows to wetlands with a continuous surface water connection to the Canoe River ("Canoe River Wetlands"), without obtaining and complying with a federal Multi-Sector General Permit issued by the United States Environmental Protection Agency ("Stormwater Permit"), in violation of the Federal Clean Water Act, 33 U.S.C. §§1251–1387 (the "Clean Water Act");

WHEREAS, by letter dated August 8, 2023, the Attorney General's Office provided notice of the alleged violations and of the Attorney General's Office's intention to file suit against Atlantic Oliver ("Notice Letter") to the Administrator of the United States Environmental

1

Protection Agency ("EPA"); the Administrator of EPA Region 1; the Massachusetts Department of Environmental Protection; and to Atlantic Oliver, pursuant to Section 505 of the Clean Water Act, 33 U.S.C. §1365;

WHEREAS, following receipt of the Notice Letter, Atlantic Oliver undertook a number of actions, including preparing a Stormwater Pollution Prevention Plan ("SWPPP") and submitting a Notice of Intent ("NOI") to be covered by the Stormwater Permit;

WHEREAS, Atlantic Oliver anticipates that these steps, together with implementation measures set forth herein and in the SWPPP for the Facility, will enable it to comply with the requirements of the Clean Water Act;

WHEREAS, today the Attorney General filed a complaint against Atlantic Oliver (the "Complaint") in the United States District Court, District of Massachusetts (the "Court");

WHEREAS, Atlantic Oliver does not admit any liability arising out of the facts or laws referenced or alleged in the Notice Letter or Complaint;

WHEREAS, the Commonwealth and Atlantic Oliver (collectively, the "Parties") have reached an agreement to fully resolve this dispute; and

WHEREAS, this Consent Decree shall be submitted to the United States Department of Justice for the 45-day statutory review period, pursuant to 33 U.S.C. § 1365(c).

NOW THEREFORE, based on the Joint Motion of the Parties for Entry of this Consent Decree, and before taking any testimony and without the adjudication of any issues of fact or law, it is ADJUDGED, ORDERED, AND DECREED, as follows:

## II. JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Parties and the subject matter of this action pursuant to Section 505(a)(1)(A) of the Clean Water Act, 33 U.S.C. § 1365(a)(1)(A), and 28 U.S.C. § 1331 (an action arising under the laws of the United States). Venue is proper in the District of Massachusetts pursuant to Section 505(c)(1) of the Clean Water Act, 33 U.S.C. § 1365(c)(1).

2.      The Complaint alleges facts that, if proven, would constitute good and sufficient grounds for the relief set forth in this Consent Decree.

## III. EFFECTIVE DATE

3.      The effective date of this Consent Decree shall be when the Court enters the Consent Decree on the docket ("Effective Date").

## IV. PARTIES BOUND

4.      This Consent Decree shall constitute a binding agreement between the Parties, and Atlantic Oliver consents to its entry as a final judgment by the Court and waives all rights of appeal upon its entry on the docket. If the Court declines to enter this Consent Decree on any ground except one related to form, this Consent Decree is voidable at the option of either party within fourteen (14) days of the Court's decision. If, on the other hand, the Court determines that substantive modifications to this Consent Decree are necessary prior to the Court's entry of it, the Parties shall enter into good faith negotiations to discuss the modifications, and this Consent Decree shall be void unless the Commonwealth and Atlantic Oliver agree otherwise in writing within fourteen (14) days of the Court's decision.

5.      The provisions of this Consent Decree shall apply to and bind Atlantic Oliver and any person or entity acting by, for, or through Atlantic Oliver, including Atlantic Oliver's

managers, directors, officers, supervisors, employees, agents, attorneys-in-fact, tenants, licensees, and those persons in active concert or participation with Atlantic Oliver who receive notice of this Consent Decree.

6.      Atlantic Oliver shall provide a true copy of this Consent Decree to all of its managers, directors, officers, supervisors, employees, tenants, licensees, and agents whose duties might include compliance with any provision of this Consent Decree. Atlantic Oliver shall also provide a copy of this Consent Decree to any contractor retained by it to perform work required under this Consent Decree and shall condition any such contract, entered into after the Effective Date of the Consent Decree, on the contractor's performance of the work in compliance with the terms of this Consent Decree. For any such contract entered into prior to the Effective Date, Atlantic Oliver shall ensure that the contractor performs its work in compliance with the terms of this Consent Decree.

7.      For one (1) year following the Effective Date, (hereafter, the "Monitoring Period"), Atlantic Oliver shall provide written notice of any prospective change or transfer in ownership of its business, including name and contact information of proposed transferee, to the Attorney General in accordance with Section XIII (Notices) of this Consent Decree. At least thirty (30) days prior to any such change or transfer of ownership, management, or operation of the Facility that occurs within the Monitoring Period, Atlantic Oliver shall provide a copy of this Consent Decree to the proposed transferee or new manager or operator. During the Monitoring Period, no change or transfer in ownership, management, or operation of the Facility, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve the Defendant or its managers, directors, officers, supervisors, employees, agents, attorneys-in-fact, successors, and

4

assigns, and those persons in active concert or participation with Atlantic Oliver who receive notice of this Consent of any obligation under this Consent Decree.

8. Atlantic Oliver shall not violate this Consent Decree, and Atlantic Oliver shall not allow its officers, directors, agents, attorneys-in-fact, employees, successors, assigns, or contractors to violate this Consent Decree.

9. In addition to any relief specifically provided in this Consent Decree, Atlantic Oliver understands and agrees that violations of this Consent Decree may be punishable by contempt pursuant to an appropriate civil contempt proceeding.

### V. PAYMENTS

10. Within fifteen (15) days of the Effective Date, Atlantic Oliver shall pay to the Natural Resources Trust of Mansfield the sum of forty-five thousand dollars ($45,000) for projects to benefit water quality in the Taunton River watershed. Evidence of Atlantic Oliver's payment to the Natural Resources Trust of Mansfield shall be contemporaneously provided by Atlantic Oliver to the Commonwealth pursuant to Section XIII (Notices). Payments should be made by wire transfer referencing this action to the following account:

Natural Resources Trust of Mansfield, Inc.



Reference: Commonwealth v. Atlantic Oliver – Payment

11. Within fifteen (15) days of the Effective Date, Atlantic Oliver shall pay to the Taunton River Watershed Alliance the sum of forty-five thousand dollars ($45,000) for projects to benefit water quality in the Taunton River watershed. Evidence of Atlantic Oliver's payment to the Taunton River Watershed Alliance shall be contemporaneously provided by Atlantic

Oliver to the Commonwealth pursuant to Section XIII (Notices). Payments should be made by wire transfer referencing this action to the following account:

Taunton River Watershed Alliance, Inc.



Reference: Commonwealth v. Atlantic Oliver – Payment

12.     Within fifteen (15) days of the Effective Date, Atlantic Oliver shall reimburse the Attorney General's Office in the amount of thirty thousand dollars ($30,000) to defray the Attorney General's Office's costs, including attorney fees, incurred in connection with its work on this matter. Payments should be made by wire transfer referencing this action to the following account:

Commonwealth of Massachusetts, Office of Attorney General



Reference: EPD, Commonwealth v. Atlantic Oliver – Costs

### VI. INJUCTIVE RELIEF

13.     Atlantic Oliver agrees to operate the Facility in compliance with the applicable requirements of the currently applicable Stormwater Permit, including any amendments thereto or reissuances thereof, and with the Clean Water Act. Specifically, Atlantic Oliver shall:

   a.     control stormwater at the Facility to "minimize" pollutants, that is, "to reduce and/or eliminate to the extent achievable using stormwater control measures (including best management practices) that are technologically

available and economically practicable and achievable in light of best industry practice," pursuant to Stormwater Permit Section 2.0; and

b.    comply with all sector-specific requirements of the Stormwater Permit that apply to transportation and warehousing facilities. *See* Stormwater Permit, Section 8.P.

### VII. FACILITY ACCESS AND SUBMISSION OF RECORDS

14.    Atlantic Oliver shall permit the Attorney General's Office to visit the Facility during normal daylight business hours during the Monitoring Period, provided that the Attorney General's Office provide at least forty-eight (48) hours of prior notice. During any Facility visit, the Attorney General's Office shall have access to and permission to copy any documentation required to be maintained pursuant to the Stormwater Permit and may collect samples and take photos at the Facility.

15.    During the Monitoring Period, Atlantic Oliver shall provide the Attorney General's Office with the following documents in accordance with Section XIII (Notices), below:

a.    copies of all documents Atlantic Oliver submits to EPA, the Commonwealth, and/or the Town of Mansfield concerning Atlantic Oliver's stormwater controls or the quality of Atlantic Oliver's Stormwater Discharges Associated with Industrial Activity, including but not limited to all documents and reports submitted as required by the Stormwater Permit. Such documents and reports shall be sent to the Attorney General's Office within ten (10) business days of Atlantic Oliver's submission of these documents to the relevant entity;

b.   copies of all documents and communications Atlantic Oliver submits to EPA concerning Corrective Action or Additional Implementation Measures taken at the Facility. Such documents and communications will be provided within ten (10) business days of submitting them to EPA;

c.   all maintenance records for the Facility's stormwater pollution control systems. Maintenance records will be provided within ten (10) business days of Atlantic Oliver's receipt of a written request by the Attorney General's Office;

d.   all written material, including all presentations, associated with any trainings referenced in the Company's SWPPP. Training materials will be provided within ten (10) business days of Atlantic Oliver's receipt of a written request by the Attorney General's Office;

e.   written notice of any changes made to any of Atlantic Oliver's stormwater control measures that are described in the SWPPP pursuant to Stormwater Permit Section 6.2.4, within ten (10) business days of Atlantic Oliver's receipt of a written request by the Attorney General's Office;

f.   written notice of any changes made to Atlantic Oliver's stormwater control measures pursuant to Stormwater Permit Section 6.3, within ten (10) business days of Atlantic Oliver's receipt of a written request by the Attorney General's Office;

g.   current copies of Atlantic Oliver's SWPPP, within ten (10) business days of receipt of a written request by the Attorney General's Office; and

h.   Discharge Monitoring Reports and supporting laboratory reports and analytical results of stormwater sampling performed by or for Atlantic Oliver, within ten (10) business days of submitting the Discharge Monitoring Reports to EPA.

16.   Any information provided by Atlantic Oliver may be used by the Commonwealth in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

17.   The Consent Decree in no way limits or affects any right of entry and inspection or any right to obtain information held by the Commonwealth or any of its branches, departments, agencies, or offices pursuant to applicable federal or state laws, regulations, or permits, nor does it limit or affect any duty or obligation of Atlantic Oliver to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## VIII. INTEREST AND COLLECTIONS

18.   If any payment required pursuant to this Consent Decree is late or not made, Atlantic Oliver shall pay interest on any overdue amount for the period of such nonpayment at the rate of twelve percent (12%) per annum computed monthly and shall pay all reasonable expenses associated with collection by the Commonwealth of the unpaid amounts and interest for any period of nonpayment after the payment obligation becomes due, including reasonable attorney fees.

## IX. EFFECT OF CONSENT DECREE

19.   Upon compliance by Atlantic Oliver with the requirements of this Consent Decree, (a) this Consent Decree shall fully resolve Atlantic Oliver's liability, and the liability of

those persons and entities listed in Paragraph 5, for the specific legal claims alleged against it in the Notice Letter and Complaint; and (b) the Commonwealth shall fully release Atlantic Oliver and those persons and entities listed in Paragraph 5 from liability for the specific legal claims alleged against it in the Notice Letter and Complaint. Notwithstanding the foregoing, the Commonwealth expressly reserves all claims for injunctive relief for violations of all the statutes and regulations referred to in this Consent Decree, whether related to the specific legal claims resolved by the Consent Decree or otherwise.

20.    Nothing in this Consent Decree (a) shall bar any action by the Commonwealth on any legal claim not specifically pleaded in the Complaint or for any violations not revealed to the Commonwealth; (b) shall be deemed to excuse non-compliance by Atlantic Oliver, or any of the persons or entities otherwise bound by this Consent Decree with any law or regulation; or (c) shall preclude a separate or ancillary action by the Commonwealth to enforce the terms of this Consent Decree or any permit or other approval issued by the Massachusetts Department of Environmental Protection or EPA relative to the Facility.

21.    This Consent Decree is not a permit, or a modification of any permit, under any federal, state, or local laws or regulations. Atlantic Oliver is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits; and Atlantic Oliver's compliance with this Consent Decree shall not be a defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The Attorney General's Office does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Atlantic Oliver's compliance with any aspect of this Consent Decree will result in compliance with provisions of any federal, state, or local law, regulation, or permit.

22.    Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Consent Decree.

### XII. MISCELLANEOUS

23.    Atlantic Oliver understands and agrees that, pursuant to 11 U.S.C. § 523(a)(7), the costs or sums that Atlantic Oliver may be required to pay under this Consent Decree are not subject to discharge in any bankruptcy.

24.    Atlantic Oliver shall pay all expenses, including reasonable attorney fees and costs, incurred by the Commonwealth in the enforcement of this Consent Decree consistent with the scope of 33 U.S.C. § 1365(d).

25.    Nothing in this Consent Decree shall prevent Atlantic Oliver from taking any action otherwise required by law.

26.    The titles in this Consent Decree have no independent legal significance and are used merely for the convenience of the Parties.

27.    In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or State or Federal holiday, the period shall run until the close of business on the next Business Day.

28.    Atlantic Oliver is responsible for complying with this Consent Decree and is liable for violations of this Consent Decree.

29.    Signature of the Parties transmitted by scanning and email are binding.

### XIII. NOTICES

30.    Unless otherwise specified in this Consent Decree, notices and submissions required by this Decree shall be made in writing by email to the following addresses:

For the Attorney General's Office and the Commonwealth:

11

Helen Yurchenco, Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Helen.Yurchenco@mass.gov

Muhammad Diallo, Federal Enforcement Case Coordinator
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Muhammad.Diallo@mass.gov

For Atlantic Oliver:

Jonathan T. Hyde
Atlantic Oliver II Francis Avenue, LLC
125 High Street, Suite 220
Boston, MA 02110

Dianne R. Phillips, Esq.
Holland & Knight LLP
10 St. James Ave., Suite 1100
Boston, MA 02116

or, to such other place or to the attention of such other individual as a party may from time to time designate by written notice to the other Parties to this Consent Decree.

## XIV. INTEGRATION

31.    Except as expressly set forth in this Consent Decree, this Consent Decree sets forth all of the obligations of the Parties and represents the complete and exclusive statement of the Parties with respect to the terms of the settled agreement embodied by this Consent Decree; any other representations, communications, or agreements by or between Parties shall have no force and effect.

## XV. MODIFICATION

32.    The terms of this Consent Decree may be modified only by a subsequent written agreement signed by the Parties. Where the modification constitutes a material change to any term of this Consent Decree, it shall be effective only by written approval of the Parties and the approval of the Court. The Commonwealth's decision to extend a deadline in this Consent Decree shall not constitute a material change for purposes of this Paragraph.

## XVI. AUTHORITY OF SIGNATORY

33.    The person signing this Consent Decree on behalf of Atlantic Oliver acknowledges: (a) that they have personally read and understand each of the numbered Paragraphs of this Consent Decree, including any Appendices attached to it; (b) that they are authorized to sign and bind Atlantic Oliver to the terms of this Consent Decree, and (c) that, to the extent necessary, Atlantic Oliver's managers, directors, officers, and shareholders have consented to Atlantic Oliver entering this Consent Decree and to its entry as a Final Judgment.

## XVII. TERM AND RETENTION OF JURISDICTION

34.    The Court shall retain jurisdiction over this case for purposes of resolving disputes that arise under this Consent Decree, entering orders modifying this Consent Decree, or effectuating or enforcing compliance with the terms of this Consent Decree.

## XVIII. FINAL JUDGMENT

35.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a Final Judgment of the Court.

OFFICE OF THE ATTORNEY GENERAL
ANDREA JOY CAMPBELL, ATTORNEY GENERAL

By: _EField_         Date: _8/7/2024_

Emily Mitchell Field
Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
617-963-2207
Emily.Field@mass.gov

ATLANTIC OLIVER II FRANCIS AVENUE, LLC

By: _____        Date: _7/22/24_

Jonathan T. Hyde
Atlantic Oliver II Francis Avenue, LLC
125 High Street, Suite 220
Boston, MA 02110
Hyde@oliverst.com

IT IS SO ORDERED. JUDGMENT is hereby entered in accordance with the foregoing.

By the Court:

_____

United States District Court

Dated: _10/2/24_

14